```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                              19 Cr. 118 (RA)

JESUS WILFREDO ENCARNACION,

              Defendant.
                                         Arraignment
------------------------------x

                                         New York, N.Y.
                                         February 28, 2019
                                         11:00 a.m.

Before:

                    HON. RONNIE ABRAMS,

                                         District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  DAVID DENTON
     KIMBERLY RAVENER
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  SARAH J. BAUMGARTEL
```

1           (Case called)
2           MR. DENTON:  Good morning, your Honor, David Denton
3   and Kimberly Ravener for the government.  With us is Jonathan
4   Concepcion, paralegal from our office.
5           MS. BAUMGARTEL:  Good morning, your Honor, Sarah
6   Baumgartel from the Federal Defenders, on behalf of
7   Mr. Encarnacion.
8           THE COURT:  Good morning to both of you.  We are here
9   to arraign Mr. Encarnacion on the indictment.  It's 19 Cr. 118.
10  It was filed on February 21.
11          The indictment charges you with two counts.  Count One
12  charges you with attempted provision of material support and
13  resources to a designated foreign terrorist organization, and
14  Count Two charges you with conspiracy to provide material
15  support and resources to a designated foreign terrorist
16  organization.  The indictment also contains a forfeiture
17  allegation.
18          I'd like you to stand, please.
19          Have you seen a copy of this indictment?  Have you
20  read it?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Have you discussed it with your attorney?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Would you like me to read it out loud here
25  in court or do you waive its public reading?

1      THE DEFENDANT:  No.

2      THE COURT:  How do you plead to the charges?

3      THE DEFENDANT:  Not guilty.

4      THE COURT:  You can be seated.

5      What's the status of discovery and what does it
6  entail?

7      MR. DENTON:  Your Honor, we are discussing a
8  protective order with defense counsel in this case with respect
9  to some aspects of the discovery.  There are three tranches of
10 discovery that the government is aware of right now.

11     There is material that we will be able to produce
12 immediately, as soon as the protective order is available.

13     There is a second set of discovery which is material
14 that was obtained from accounts and devices of other people
15 which we are in the process of addressing sort of privacy and
16 overproduction concerns.  That will go out shortly thereafter.

17     And then, finally, there is a set of discovery which
18 is currently classified and is in the process of being
19 declassified.  We expect that will be done probably within the
20 next month, but it's a little hard to predict since that's not
21 a process that we control.

22     THE COURT:  In terms of timing, aside from what you
23 said at the end with respect to the month or so that you expect
24 the declassification process to take, after you sign the
25 protective order, how long do you think it will take you to

1     produce the remainder of discovery?

2             MR. DENTON:  I think the bulk of it will go out
3     probably within a day or so.  We have largely got it assembled
4     and marked already.

5             The second tranche, like I said, we have to complete
6     doing some review for privacy concerns, but that information is
7     all assembled and ready.  So I would think that would probably
8     take another week or so.

9             THE COURT:  Thank you.

10            Ms. Baumgartel, what would you propose in terms of
11    next steps when we should meet again?

12            MS. BAUMGARTEL:  Your Honor, I don't have a good sense
13    of the volume of the discovery from the government, but it may
14    make sense to come back in approximately 45 or 60 days, by
15    which point we should have received all of it and had at least
16    a preliminary opportunity to review it, if not make a more
17    complete review and would be in a position to propose a
18    schedule for motions.

19            THE COURT:  Why don't we schedule it for 45 days out.
20    But if you feel like at that juncture you are not yet in a
21    position to set a schedule going forward, why don't you let me
22    know, submit a letter, and we can put it off for another few
23    weeks.  Whatever you propose in terms of timing is fine with
24    me.

25            THE DEPUTY CLERK:  April 11 at 10:30.

1  THE COURT: Is that OK with everyone?

2  MR. DENTON: Yes, your Honor. That works for the
3  government.

4  MS. BAUMGARTEL: Yes.

5  THE COURT: Does the government seek to exclude time
6  under the Speedy Trial Act?

7  MR. DENTON: We do, your Honor. In order to
8  facilitate the production of somewhat complicated discovery and
9  for the defense to review it and consider any motions they may
10  wish to make.

11  THE COURT: Any objection?

12  MS. BAUMGARTEL: There is no objection.

13  THE COURT: I'll exclude time from today until April
14  11, pursuant to 18 United States Code Section 3161(h)(7)(A). I
15  find that the ends of justice served by excluding such time
16  outweigh the interests of the defendant and the public in a
17  speedy trial because it will allow time for the defense to
18  review discovery and consider any motions that he may choose to
19  make.

20  At that conference, when we meet again, I will want to
21  schedule a trial date and a motion schedule, so please just be
22  prepared for that.

23  Are there any other applications?

24  MR. DENTON: No, your Honor. We just wanted to alert
25  the Court that we expect also that the government will file a

1  motion pursuant to the Classified Information Procedures Act in
2  this case.  We have been in touch with Dan Hartenstine, the
3  information security officer.  We let defense counsel know that
4  we expect that's coming.  We will work with Mr. Hartenstine to
5  schedule a section 2 conference to address that and a schedule
6  for that motion.
7             THE COURT:  Thanks.
8             What is your classification, Ms. Baumgartel?  Are you
9  cleared?
10            MS. BAUMGARTELG:  No, unfortunately.  I'll have to go
11 through that process.
12            THE COURT:  There are other folks at the Federal
13 Defenders who of course are and can assist on this.
14            MS. BAUMGARTEL:  There are, yes.
15            THE COURT:  Thanks.  I'll keep an eye out for the
16 protective order.  We will see each other in April unless I get
17 a letter before then.
18            Are there any other applications?
19            MR. DENTON:  Not from the government.
20            MS. BAUMGARTEL:  One issue of behalf of the defendant.
21 Mr. Encarnacion was first detained on February 8.  Since that
22 time he has only been permitted a single phone call with his
23 family.  He has not been permitted yet to make any legal phone
24 calls.  He has not been permitted yet to have any family visits
25 and initially was not even permitted legal visits.  This is

1  something that I've been in correspondence about with the MCC's
2  legal department, but I may make an application to the Court at
3  some point.
4           THE COURT:  Are there special administrative measures
5  in place for him?
6           MS. BAUMGARTEL:  No.  I don't know what the issue is.
7  MCC has not raised any security concerns.  I don't know why he
8  is not able to call his family.  But he is an individual with
9  very serious mental health issues and his inability to have
10 contact with his family, I'm concerned, is going to lead to
11 decompensation.  And so I am going to confer with the
12 government.  I may be making some application to the Court if I
13 can't resolve this with the MCC's legal department.
14          THE COURT:  As you suggested, I do want you to confer
15 with the government first and see if we can work something out,
16 and the government can always reach out to the facility as
17 well.  But if not, we will address it.
18          MS. BAUMGARTEL:  I will.  Thank you.
19          THE COURT:  Thank you.
20          (Adjourned)