

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2019

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Jesus Wilfredo Encarnacion*, 19 Cr. 118 (RA)

Dear Judge Abrams:

The Government writes in response to the defendant's letter dated today, October 18, 2019, regarding the Court-ordered psychiatric examination of the defendant by Dr. Stuart Kleinman, pursuant to 18 U.S.C. § 4242(a) (the "Exam"). Earlier today, Dr. Kleinman informed the Government that he expected to proceed with his in-person examination of the defendant early next week, and would coordinate the details of that examination (including the particular date) with the relevant personnel at the Metropolitan Correctional Center ("MCC"). The Government promptly alerted defense counsel to this expected timetable for the Exam.

Defense counsel had previously indicated to the Government that counsel objected to the examination occurring without her present, and reiterates that objection in counsel's letter to the Court, requesting a delay in the Exam and a schedule for briefing of the issue. Neither counsel's letter nor communications with the Government cites any law to suggest that such presence is authorized, much less required, and no briefing is necessary on this issue. Rather, the law is clear that defense counsel's objection is entirely without basis. The Second Circuit has expressly held that "there is no right to counsel at a psychiatric examination," and recognized that "the presence of counsel could very well 'destroy the effectiveness of the interview.'" *United States v. Trapnell*, 495 F.2d 22, 24-25 (2d Cir. 1974) (*quoting United States v. Baird*, 414 F.2d 700, 711 (2d Cir.), *cert. denied*, 396 U.S. 1005 (1969)); *see also Estelle v. Smith*, 451 U.S. 454, 471 & n.14 (1981) ("[A]n attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination." (quoting op. below) (internal citations omitted)). Other courts are in accord that a Sixth Amendment right to have counsel present during a psychiatric examination "has been squarely addressed and uniformly rejected." *United States v. Byers*, 740 F.2d 1104, 1121-22 (D.C. Cir. 1984) (collecting cases); *see also, e.g.*, *United States v. Wilson*, 920 F. Supp. 2d 287, 304-305 (E.D.N.Y. 2012) (rejecting defense counsel's request to be present for examination and collecting cases). In addition, when an individual "initiates a defense of mental

incapacity or disturbance, he makes a limited waiver of his Fifth Amendment rights that permits the Government to conduct an examination of the defendant as a rebuttal to the psychiatric defense." *Wilson*, 920 F.Supp.2d at 303 (internal citations and quotation marks omitted); *see also United States v. Curtis*, 328 F.3d 141, 144-45 (4th Cir. 2003) ("When a defendant asserts a mental status defense and introduces psychiatric testimony in support of that defense . . . he may be required to submit to an evaluation conducted by the prosecution's own expert.  That defendant has no Fifth Amendment protection . . . [T]he defendant waives his right to remain silent ... by indicating that he intends to introduce psychiatric testimony." (*quoting Savino v. Murray*, 82 F.3d 593, 604 (4th Cir. 1996) *and citing Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987)); *United States v. Beckford*, 962 F. Supp. 748, 763 (E.D.Va. 1997) ("[I]f a defendant elects, with the advice of counsel, to put his mental status into issue . . . , then he has waived his right to refrain from self-incrimination arising from a mental health examination, and there is no Fifth or Sixth Amendment concern").

After giving notice pursuant to Rule 12.2 of his intent to place his mental state in issue at trial in this matter, the defendant has objected to virtually every aspect of the Exam, including the identity of the examiner and timing of the examination.  Consistent with the Court's instructions and defense counsel's articulated preferences, the Government has endeavored to proceed expeditiously with the required examination.  Defense counsel now seeks to postpone the examination based on a further baseless objection to the circumstances of the examination. The law is clear that the Exam does not implicate either the defendant's Fifth or Sixth Amendment rights, to say nothing of the practical reality, recognized by numerous courts, that counsel's presence threatens to chill the evaluation and rob it of its value—allowing the defendant to defy controlling precedent and undermine the accuracy of the Exam.  Accordingly, the Court should reject defense counsel's application to delay the Exam.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By:    **s/**_____
    David W. Denton, Jr.
    Kimberly J. Ravener
    Assistant United States Attorneys
    (212) 637-2744/-2358

cc: Sarah Baumgartel, Esq. (by ECF)