USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JESUS WILFREDO ENCARCNACION,

Defendant.

No. 19-CR-118 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Government seeks an order requiring Defendant to produce all "'results or reports of any physical or mental examination' conducted prior to the defendant's arrest in this case that are in the defendant's possession" pursuant to his discovery obligations under Federal Rule of Criminal Procedure Rule 16(b). Dkt. 36. These materials, the Government asserts, are "especially important to provide Dr. Kleinman," who is conducting the court-authorized psychiatric evaluation, "with access to any psychiatric or psychological tests that may have been conducted closer in time to Encarnacion's date of arrest." Dkt. 36.

Rule 16(b)(1)(B) provides that, "[i]f a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony." The parties initially disputed the meaning of "case-in-chief" in Rule 16(b). After additional briefing, however, Defendant now concedes that evidence presented by him through cross-examination of a government witness during the government's case-in-chief –

for purposes other than impeachment – are part of the "defendant's case-in-chief at trial." *See* Dkt. 45. The Court agrees, and notes that "this interpretation of Rule 16 has been adopted by almost every district court to consider the issue." *United States v. Napout*, No. 15-CR-252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017); *see, e.g., United States v. Ellison*, 704 F. App'x 616, 625 (9th Cir. 2017) ("The district court properly refused to limit Appellants' production obligation to those exhibits they planned to introduce with their own witnesses by refusing to cabin their 'case-in-chief' to the period after which they called their first witness at trial, because a defendant may establish his defense by cross-examining the government's witnesses."); *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) ("If 'case-in-chief' exclusively covered materials introduced after the government rests, then whenever defendants present substantive, non-impeachment, evidence during cross-examination to prove their case – a 'standard modern trial practice that can hardly be abandoned' – such evidence would not be subject to Rule 16(b) pretrial disclosure." (citation omitted)); *Napout*, 2017 WL 6375729, at *7 ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a Defendant.").

Defendant's remaining argument for not producing the pre-arrest reports – that is, that the Government's motion is premature – is unavailing. Rule 16(b)(1)(B) triggers a defendant's reciprocal discovery obligations "[i]f a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies." While it is true that "no specific timing requirements are included" in Rule 16, "it is expected that the parties will make their requests and disclosures in a *timely* fashion." *United States v. Wilson*, 493 F. Supp. 2d 348, 356 (E.D.N.Y. 2006) (citing the Advisory Committee Notes to the 1993 Amendment). Here, the Government has already

fulfilled its disclosure obligations under Rule 16(a)(1)(F). It produced the majority of discovery in its possession months ago. *See* Dkt. 29, Tr. 15:20-21, 16:4-5 (defense counsel referring to the pending declassified materials as "additional discovery materials"). Although some portion of the production was delayed to allow for certain documents to be declassified, the Court authorized that delay in September and gave the Government 60 days to declassify and produce that material – an order the Government complied with by late November. *See* Dkt. 23, 40. Therefore, "[s]ince the defendant has availed himself of the strategy to obtain discovery of the government," now "he must comply with the requirement for reciprocal discovery." *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978).

The Court is cognizant of Defendant's concern that he is still making strategic decisions regarding what evidence to use in his case-in-chief. That, however, cannot be the only relevant consideration. "[T]he Court must bear in mind the objectives behind Rule 16's provision for reciprocal discovery obligations – i.e. 'to provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination' and 'to permit more complete pretrial preparation' – in determining the nature of defendant's discovery obligations." *United States v. Jasper*, No. 00-CR-825 (PLK), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 31, 2003). Defendant has had significant time to consider whether and/or how to use these pre-arrest reports. The Government first requested this discovery on September 24, and then again on October 8. And since early November, the parties have been briefing this discovery issue. As such, the Court believes further delay in disclosing this evidence is likely to "frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery." *Crowder*, 325 F. Supp. 3d at 136. This is particularly true here, where further delay may unnecessarily impair

the success of Dr. Kleinman's report, who reported that it is "necessary for him to review the defendant's medical records . . . in order to conduct an effective psychiatric evaluation and issue his report." Dkt. 36.

Other courts have similarly rejected a defendant's argument that a government motion for discovery under Rule 16(b) is premature because the defendant is still making strategic decisions. *See Jasper*, 2003 WL 223212, at *4 ("Allowing defendant to defer the provision of such discovery until a final determination regarding whether or not to put an expert witness on the stand would seem to frustrate the achievement of [Rule 16's] goals."); *Ryan*, 448 F. Supp. at 811 (rejecting defendant's assertion that there is no discovery obligation until he decided if he would testify because, "[w]hile the refusal to testify is constitutionally protected, the trial strategy determination is not so protected").

Accordingly, Defendant is directed to provide the Government with "reports of any physical or mental examination" conducted prior to his arrest that are currently "within the defendant's possession, custody, or control" and that he "intends to use . . . in [his] case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(B). If Defendant does not disclose a pre-arrest report that is currently in his possession, the Court may preclude him from using that report in its case-in-chief. *See Napout*, 2017 WL 6375729, at *8 (warning that "the Court, on the government's motion, would consider whether the defense had failed to timely disclose that exhibit under Rule 16" and thus "the defendant r[uns] the risk that the exhibit would be excluded"); *United States v. Hsia*, No. 98-CR-0057 (PLF), 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000) (warning of "the possible exclusion of evidence not disclosed . . . [i]f defendant seeks to introduce evidence through cross-examination that the Court finds is part of her case-in-chief and defendant has not

4

provided the evidence to the government in discovery"). Defendant must comply with this order no later than December 11.

Furthermore, as Defendant suggests in his most recent letter, the parties shall meet and confer regarding deadlines for expert disclosure. The parties shall file a letter with a proposed schedule, also no later than December 11.

SO ORDERED.

Dated:　December 6, 2019
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Ronnie Abrams
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge